# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **ARDENIS NAZARETH COBI,**<br>    **Petitioner,** | §<br>§<br>§ | |
| **v.** | §<br>§ | **EP-26-CV-00801-DB** |
| **MARY DE ANDA-YBARRA**, *Field Office*<br>*Director, El Paso Field Office, Immigration*<br>*and Customs Enforcement, et al.,*<br>    **Respondents.** | §<br>§<br>§<br>§<br>§ | |

## <u>ORDER</u>

On this day, the Court considered the above-captioned case. On March 21, 2026, Petitioner Ardenis Nazareth Cobi filed a "Petition for Writ of Habeas Corpus," ECF No. 1. Petitioner is currently detained at the El Paso Processing Center in El Paso, Texas in the Western District of Texas. ECF No. 1 at 2. He argues his detention is unlawful and asks the Court to order a bond hearing or release. *Id.* at 26–27. On March 25, 2026, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 2 at 3.

Petitioner is a Venezuelan national who entered the United States in 2022. *Id.* at 2.[1]  On February 12, 2025, DHS issued Form I-200, warrant for arrest, for Petitioner and cited to 8 U.S.C. § 1226 as the detention statute authorizing his arrest. *Id.* at 8. On February 20, 2025, Petitioner was arrested pursuant to that warrant and was placed into removal proceedings through the issuance of a Notice to Appear. *Id.* On April 29, 2025, an immigration judge granted Petitioner a

---

[1] Petitioner has applied for U nonimmigrant status, Temporary Protected Status (TPS), and asylum. ECF No. 1 at 8–9.

custody redetermination, setting a bond in the amount of $6,500 USD. *Id.* at 9. Aside from the monetary bond, no other conditions on release were imposed by the court. *Id.* No appeal of that order was reserved and the court's April 29, 2025, custody order became final. *Id.* Petitioner subsequently posted bond and was released from immigration custody. *Id.*

Although Petitioner was previously granted bond, he was rearrested in October 2025, without a warrant while at Home Depot looking for work. *Id.* Respondents have not alleged any changed circumstances justifying Petitioner's re-detention. *Id.* at 4. Petitioner does not have any intervening criminal history and his applications for relief remain pending. *Id.* Among other things, Petitioner argues his current detention is unlawful because he is now subject to mandatory detention under 8 U.S.C. 1225(b) pursuant to Respondents new interpretation of the statute. *Id.* at 25. He argues that Section 1225(b) as applied to him violates his Fifth Amendment procedural due process rights because he has a fundamental liberty interest in being free from official restraint and is being deprived of an individualized hearing to justify his detention. *Id.* at 25.

Petitioner's case is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025) (holding that petitioner, who was re-detained after being released on his own recognizance, was entitled to an individualized hearing justifying his detention). In their response, ECF No. 3, filed on March 30, 2026, Respondents offer the same template arguments this Court has already rejected. *Compare* Response, ECF No. 3 *with Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) (rejecting Respondents' argument that Petitioner is receiving or has received due process afforded through removal proceedings in immigration court); *Morales-Quirino v. De Anda-Ybarra,* No. EP-26-CV-

00323-DB (W.D. Tex. Feb. 17, 2026) (rejecting Respondents' argument that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) forecloses petitioner's procedural due process challenge); *Rodriguez v. Bondi*, No. EP-26-CV-00292 (W.D. Tex. Feb. 25, 2026) (rejecting Respondents' argument that, pursuant to the immigration entry fiction, petitioner is treated as though stopped at the border and entitled to only those rights afforded by statute); *Diaz Yanez v. Noem*, No. EP-26-CV-486 (W.D. Tex. March 4, 2026) (rejecting argument that petitioner's procedural due process claim is foreclosed by the Supreme Court decision *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003)). The Court understands it is Respondents' right to preserve their arguments for appeal. However, for the present purposes, they have made no new legal arguments nor any effort to distinguish the facts of this case.[2] Accordingly, the same result is warranted in this case as in this Court's similar previous cases.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b),[3] **IT IS HEREBY ORDERED** Ardenis Nazareth Cobi's "Petition for Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

---

[2] While Respondents summarize Petitioner's criminal arrests in their Response, they do not allege none of these were considered by the Immigration Judge when he issued his April 29, 2025, bond order. *See generally* ECF No. 3 at 4 (summarizing Petitioner's criminal arrests); ECF No. 1 at 9 ("The Chicago Immigration Court also found his criminal history minimal such that he did not present a danger to the community. Mr. Cobi subsequently posted bond and was released from immigration custody.").

[3] This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) issued on February 6, 2026, determining Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody **by no later than April 1, 2026,** subject to the conditions of supervision he was subject to prior to his most recent re-detention by immigration officials.[4]

**IT IS FURTHER ORDERED** Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** a notice informing the Court of its compliance with the preceding order **no later than April 3, 2026**.

**IT IS FURTHER ORDERED** the parties **SHALL CONFER AND FILE** a notice of whether any issues remain to be resolved in this case **no later than April 7, 2026.**

**SIGNED** this **31st** day of **March 2026**.

_____

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

correct. However, *Buenrosto-Mendez* does not change this case's outcome on procedural due process grounds. In its original due process analysis, this Court accepted without deciding Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) ("The parties argue about Respondents' novel interpretation regarding mandatory detention under Section 1225(b) and whether Petitioner falls within it. Even assuming without deciding Respondent's reading is correct, the Court will not address these arguments because the Court finds Petitioner is entitled to procedural due process in his as-applied challenge.").

[4] Pursuant to the instant order, Petitioner shall be released under the conditions of supervision he was on immediately prior to his current unlawful detention.