IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ARDENIS NAZARETH COBI,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-000801-DB** |
| | § | |
| **MARY DE ANDA-YBARRA,** *et al.*, | § | |
| **Respondents.** | § | |
| | § | |

**<u>ORDER</u>**

On this day, the Court considered Petitioner Ardenis Nazareth Cobi's "Motion to Reopen Habeas Corpus Action," ECF No. 9, filed on May 29, 2026. Therein, Petitioner moves the Court to vacate the final judgment, ECF No. 7, issued on April 8, 2026, and re-open this case. Petitioner seeks to enforce this Court's order, ECF No. 6, to require Respondent to immediately remove the ankle monitor placed on Petitioner upon his release from immigration detention so that he is "released under the conditions of supervision he was on immediately prior to his current unlawful detention." ECF No. 9 at 2–3. Petitioner laid out said request in his "Motion to Enforce Grant of Habeas Corpus Petition," ECF No. 8, filed on May 26, 2026. As a threshold matter, the Court finds good cause to vacate the final judgment in this case, ECF No. 7, and re-open the case to consider the merits of Petitioner's motion.

On March 31, 2026, this Court granted Petitioner's writ of habeas corpus in part and ordered Respondents to "IMMEDIATELY RELEASE Petitioner from custody, . . . subject to the conditions of supervision he was subject to prior to his most recent re-detention by immigration officials." ECF No. 4 at 4. The governing terms of release were imposed by a Chicago immigration court where an immigration judge granted Petitioner release from custody under bond of $6,500 with no additional conditions of release on April 29, 2025. ECF No. 8-2 at 1.

On April 1, 2026, Petitioner was released pursuant to this Court's writ of habeas corpus, but with an ankle monitor imposed. Petitioner now seeks this Court to compel the immediate removal of the ankle monitor and any conditions of release not ordered by the immigration judge in the immigration judge's April 29, 2025, bond order. *Id.* at 2. Petitioner's case is materially indistinguishable from other cases in which this Court has determined ICE's imposition of additional conditions of release that are not imposed in an immigration judge's written order is unlawful. *See Rodriguez Muniz v. Noem,* No. EP-25-CV-00671-DB, 2026 WL 803134 (W.D. Tex. March 6, 2026). After due consideration of the facts and applicable law, the same result is warranted in this case.

Accordingly*,* **IT IS HEREBY ORDERED** the "Final Judgment" order, ECF No. 7, entered in this case is **VACATED**.

**IT IS FURTHER ORDERED** the District Clerk **SHALL REOPEN** this case.

**IT IS FURTHER ORDERED** Petitioner's "Motion to Enforce Grant of Habeas Corpus Petition," ECF No. 8, is **GRANTED.**

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY REMOVE** Petitioner's ankle monitor, and all other conditions of release not imposed in the immigration judge's order, dated April 29, 2025, ECF No. 8-2.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** a notice informing the Court of its compliance with the preceding order **no later than June 4, 2026**.

**IT IS FINALLY ORDERED** the parties **SHALL CONFER AND FILE** a notice of whether any issues remain to be resolved in this case **no later than June 9, 2026.**

**SIGNED** this **1st** day of **June 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**